UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON

JUN 07 2013

PER _____
DEPUTY CLERK

EQUAN ANWAR JONES,

    Plaintiff

v.

HERBERT RUQUET, et al.,

    Defendants

: CIVIL NO. 3:CV-12-1961

: (Judge Kosik)

## MEMORANDUM

**I.   Background**

Equan Anwar Jones, an inmate confined at the Dauphin County Prison, Pennsylvania, filed this civil rights complaint pursuant to 42 U.S.C. § 1983 along with a supporting memorandum. (Docs. 1, 3.) Named as Defendants are the following seven (7) employees at the Dauphin County Prison: Correctional Officers Herbert Ruquet and John Beitman, Lieutenants Steve Smith and Tim Good, Warden Dominick DeRose, Deputy Warden Elizabeth Nichols, and Caseworker Jill Cuffaro. In the complaint, Jones raises claims including allegations of sexual harassment against Defendant Ruquet, racial discrimination, retaliation, the failure by Defendants to rectify the ongoing situation of harassment, the lack of a sexual harassment policy at the Dauphin County Prison, and Defendants' failure to remedy his complaints.

Along with the complaint, Jones filed a motion to appoint counsel (Doc. 2) and a request to proceed in forma pauperis (Doc. 4) in this case. Also pending is a request for entry of default (Doc. 9) filed on November 2, 2012, a motion to serve one defendant (Herbert Ruquet) on behalf of all the other defendants (Doc. 13) filed on November 19, 2012, and a second request for the appointment of counsel (Doc. 20) filed on January 3, 2013. For the reasons that follow, the motion to proceed in forma pauperis will be construed to be a motion to proceed without full prepayment of the filing fee and will be granted[1], and the motions for counsel will be denied, without prejudice. In addition, the request for default and the motion to serve one defendant on behalf of all defendants will both be denied. There are also random declarations that have been filed by Plaintiff in this case, but are not related to any pending motions. (Docs. 16, 17 and 21.) As such, these filings will be stricken from the record. The Clerk of Court will be directed to return them to Plaintiff for his use at some later point in the case, if he so desires. Finally, service of the complaint will be directed on the Defendants named in the complaint.

## II. Discussion

### A. Motions for counsel

---

[1] Jones completed this court's form application to proceed in forma pauperis and authorization to have funds deducted from his prison account. The court then issued an Administrative Order on October 2, 2012 (Doc. 7), directing the warden at his present place of confinement to commence deducting the full filing fee from plaintiff's prison trust fund account.

2

In support of his pending motions for counsel, Jones states that he is unable to afford counsel and that his imprisonment will greatly limit his ability to litigate his case. He claims that the issues involved in this matter are complex, and that he has limited knowledge of the law and limited access to the prison law library. Jones believes that he will need to be examined by an outside physician and that the trial in this case will likely involve conflicting testimony. He feels that a trained lawyer is better equipped to handle these matters. In his second motion for counsel, he reiterates these arguments, and also outlines the efforts he has made to serve the complaint on his own.

Although prisoners have no constitutional or statutory rights to appointment of counsel in a civil case, Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997), district courts have broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e)(1). Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002)(citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993)); Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981). The United States Court of Appeals for the Third Circuit has stated that the appointment of counsel for an indigent litigant should be made when circumstances "indicate the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case "has some arguable merit in fact and law." Montgomery, 294 F.3d at 499. Without passing judgment as to the ultimate merits of Plaintiff's claims, for the sole purpose of these motions the court will assume that the case has arguable merit in law and the facts.

Upon successfully clearing the above hurdle, other factors to be examined are:

1. The plaintiff's ability to present his or her own case;

2. The difficulty of the particular legal issues;

3. The degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;

4. The plaintiff's capacity to retain counsel on his or her own behalf;

5. The extent to which a case is likely to turn on credibility determinations; and

6. Whether the case will require testimony from expert witnesses.

Montgomery, 294 F.3d at 499 (citing Tabron, 6 F.3d at 155-57).

Plaintiff's motions fail to set forth any special circumstances or factors that would warrant the appointment of counsel at this time. Tabron, 6 F.3d at 155-56. The pleadings submitted by Plaintiff in this case so far are clearly written and cite to pertinent legal authority. The legal issues presented are not overly complicated and the docket clearly reveals that Plaintiff has the ability to litigate this action on his own

4

as he has no difficulty preparing and submitting motions in this case. Plaintiff is clearly literate and, while it is true that he is incarcerated, he appears able to litigate this action without the aid of counsel. While he states that his access to the law library is limited, he clearly does have some access as evidenced by his citation to relevant legal authority. The case is in the earliest of stages in that no response has been filed to the complaint. Any concern at this juncture with respect to the need for an independent medical examination or about trial preparation is premature. It cannot be said, at least at this point, that Plaintiff will suffer substantial prejudice if he is required to proceed with the prosecution of this case on his own. This Court's liberal construction of pro se pleadings, Haines v. Kerner, 404 U.S. 519 (1972), coupled with Plaintiff's apparent ability to litigate this action, weigh against the appointment of counsel. As such, his pending motions for counsel will be denied. If future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or pursuant to a properly filed motion.

B. Default/Service of Complaint Issues

On October 1, 2012, Plaintiff filed this action. On November 2, 2012, he filed a request for entry of default (Doc. 9). Because there was no evidence of service on the docket, it is clear that Defendants were not in a default situation at that time and, as such, any request for entry of default would be inappropriate. Shortly thereafter, a Notice of Appearance of counsel was filed by two (2) attorneys from the same law

firm on behalf of all the defendants named in this action. (Docs. 11, 12.) It appears that based upon this filing, Plaintiff believed service had been achieved. Plaintiff thereafter filed a motion to serve one defendant (Ruquet) instead of every defendant with all documents in this case. (Doc. 13.) Counsel for defendants responded to Plaintiff's request for default and motion to serve one defendant and stated that although they received a copy of the complaint from Plaintiff, no certificate of service accompanied the complaint, and proper service pursuant to Rule 4 had not been made. Counsel further stated that Defendants had not waived service and had not properly been requested to do so.[2] (Doc. 14.) They also argue that just serving one defendant, as opposed to all defendants, with documents in this case has no basis in law. In addition, counsel for Defendants point to the fact that no initial screening of the complaint has been undertaken at this point.

In light of the foregoing, the court will deny the request for default and the motion to serve one (1) defendant. The Clerk of Court will be directed to provide a copy of the complaint, the memorandum in support thereof and a copy of this Memorandum and Order to the United States Marshal for proper service upon the named Defendants. An appropriate order follows.

---

[2] What is interesting is that a Waiver of Service has since been submitted by Defendants. (Doc. 22.) However, in light of the fact that service of the complaint was never directed by the court, the court will do so at this time. Pursuant to Fed. R. Civ. P. 4(c)(3), service of a summons and complaint must be ordered by the court if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.

6